

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2009

# Liberty Lincoln v. Ford Mtr Co

Precedential or Non-Precedential: Precedential

Docket No. 06-3659

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liberty Lincoln v. Ford Mtr Co" (2009). *2009 Decisions.* Paper 1623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3659
_____

*LIBERTY LINCOLN-MERCURY, INC.; FETTE FORD
INC; CAUSEWAY FORD LINCOLN-MERCURY, INC.;
ALL AMERICAN FORD; BURLINGTON LINCOLN
MERCURY SUZUKI; CHAS S. WINNER, d/b/a Winner
Ford; COUNTRY FORD MERCURY JEEP; D'AMICO
LINCOLN MERCURY, INC.; DAYTON FORD, INC.;
DOWNS FORD, INC.; FORD OF ENGLEWOOD;
FREEHOLD FORD, INC.; GEORGE WALL LINCOLN-
MERCURY, INC.; HILLSIDE AUTO MALL, INC.; IRWIN
LINCOLN-MERCURY; JACK TREBOUR FORD; KEN
SMITH MOTORS, INC.; LARSON FORD, INC.;
LICCARDI FORD INC.; LICCARDI LINCOLN
MERCURY; LILLISTON FORD, INC.; MAGARINO
FORD-MERCURY AND DAEWOOD, LLC; MAHWAH
SALES & SERVICE, INC.; MALOUF FORD, INC.;
MALOUF LINCOLN-MERCURY, INC.; MAPLECREST
FORD OF MENDHAM; MAPLECREST LINCOLN-
MERCURY, INC.; MEDFORD FORD; MONTCLAIR-
BLOOMFIELD MOTORS, INC.; MULLANE FORD, INC.;
OASIS FORD; PALISADE MOTORS, INC. d/b/a C&C
Ford, Inc.; PARK AVENUE FORD; PISTILLI FORD, INC.;
POINT PLEASANT FORD; QUALITY LINCOLN-
MERCURY HYUNDAI, INC.; RICKLES LINCOLN-

MERCURY LLC; RIDGEWOODS VILLAGE FORD, INC.;
RITTENHOUSE-KERR  FORD, INC.; ROUTE 23
AUTOMALL, SOUTH SHORE FORD INC.; STADIUM
FORD, L.L.C.; STRAUB LINCOLN-MERCURY; TOM'S
FORD; TOWN & COUNTRY MOTORS INC.; TOWN
MOTORS; VALLEY FORD; WARNOCK FORD; WAYNE
AUTO SALES; WAYNE MOTORS, INC.; WEISLEDER,
INC.; WOODBRIDGE LINCOLN-MERCURY; WYCKOFF
FORD, INC.; WYMAN FORD, INC., all New Jersey
Corporations; CAPTIAL CITY FORD, INC.; ED CARNEY
FORD, INC.; RITTENHOUSE-KERR LINCOLN-
MERCURY, INC. RIVERVIEW FORD OF PENNSVILLE,
INC., Delaware Corporations;

v.

FORD MOTOR COMPANY,

Appellant

*(Amended in accordance with Clerk's Order dated 09/06/06)

_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. No. 02-cv-04146)
District Judge:  The Honorable William G. Bassler

_____

2

ARGUED OCTOBER 31, 2008

BEFORE: McKEE, NYGAARD, and SILER,[*] <u>Circuit</u> <u>Judges</u>.


(Filed: March 17, 2009)


_____

Dennis R. LaFiura, Esq. (Argued)
Day Pitney
200 Campus Drive
Florham Park, NJ 07932-0905

Carla W. McMillian, Esq.
Jennifer M. Rubin, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30309
          <u>Counsel for Appellant</u>


Eric L. Chase, Esq. (Argued)
Genevieve K. LaRobardier, Esq.
Bressler, Amery & Ross
325 Columbia Turnpike

_____

*Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

P. O. Box 1980
Florham Park, NJ 07932
     Counsel for Appellees

Kenneth S. GoodSmith, Esq.
Stephanie J. Synol, Esq.
GoodSmith Gregg & Unruh
150 South Wacker Drive, Suite 3150
Chicago, IL 60606
     Counsel for Amicus, Nissan, NA, Inc.

James C. McGrath, Esq.
Bingham McCutchen
One Federal Street
Boston, MA 02110
     Counsel for Amicus, Alliance Auto Mfg.

_____

## OPINION OF THE COURT

_____


NYGAARD, Circuit Judge.

Ford appeals the District Court's order granting a preliminary injunction in favor of a group of New Jersey franchise dealerships. The order prohibited Ford from assessing a surcharge to its New Jersey franchisees to recoup costs arising from a New Jersey statute that allowed franchisees to request a higher rate of reimbursement from Ford for warranty work.

4

Ford also appeals the District Court's underlying partial summary judgment. For the reasons that follow, we will reverse the District Court's preliminary injunction order and remand for further proceedings consistent with this opinion. The partial summary judgment is neither a final nor appealable order and we will not review it.

I.

As part of their agreement with Ford, franchised dealers are required to perform repair work on Ford brand vehicles, regardless of whether the franchisee sold the vehicle. Ford reimburses the dealers for work performed under both limited and extended service warranty plans, and for work that must be performed on recalled Ford vehicles. Under some circumstances where Ford determines that it is necessary to maintain customer satisfaction, Ford pays part of the cost of non-warranty repair work.

The New Jersey Franchise Practices Act provides that a "motor vehicle franchisor shall reimburse" its franchisee for parts used in warranty repairs at the franchisee's "prevailing retail price," provided that the retail price is not unreasonable. N.J.S.A. §56:10-15(a). The prevailing reimbursement rate prior to the statute was approximately 40% above the dealer cost. The dispute began in 1991 when one dealer, Liberty Lincoln-Mercury, Inc. asked Ford for a warranty part reimbursement at its retail rate, which was 77% above costs. Ford paid the higher rate, but it also began to add a fee to the wholesale price of cars that it delivered to Liberty. The fee varied month to month, depending on the reimbursement amounts claimed by Liberty.

Liberty filed suit challenging the fee, and we affirmed the decision of the District Court that Ford's surcharge violated the warranty reimbursement statute. *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 134 F.3d 557 (3d Cir. 1998).

In 2002, Ford imposed a restructured surcharge program to recoup increased costs incurred from its compliance with the warranty reimbursement statute. The second fee program applied to the wholesale price of all vehicles delivered to Ford franchisees in New Jersey. Liberty, along with other Ford franchisees in New Jersey, sued Ford asserting that the second surcharge program also violated the warranty reimbursement statute. Ford countered that it designed the second program to be a wholesale vehicle price term, a type of fee that we expressly stated in the first lawsuit was outside of the scope of the New Jersey statute. Regardless, in a partial summary judgment, the District Court ruled that Ford's reconstituted fee program violated the New Jersey statute.

The District Court also issued a preliminary injunction, prohibiting Ford from imposing the surcharge while the remaining issues are litigated. In granting the preliminary injunction the District Court noted that the partial summary judgment in favor of the franchisees resolved whether they were likely to succeed on the merits. The District Court did not make any other specific findings, but stated generally that the other requirements for a preliminary injunction "have been satisfied."

II.

6

28 U.S.C. §1292(a)(1) provides us with appellate jurisdiction to entertain interlocutory appeals from orders that grant, deny, or modify injunctions. On appeal, the standard of review of a preliminary injunction issued by a district court is narrow. Unless an abuse of discretion is "clearly established, or an obvious error has ocurred [sic] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct." *Premier Dental Products Co. v. Darby Dental Supply Co., Inc*., 794 F.2d 850, 852 (3d Cir. 1986), quoting *Stokes v. Williams,* 226 F. 148, 156 (3d Cir.1915).

We must consider the following factors in determining whether a preliminary injunction should be issued:

> (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest.

*McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC,* 511 F.3d 350, 356-357 (3d Cir. 2007). The franchisees assert that the preliminary injunction was a consent order. There is no evidence of such consent. In fact, the District Court's order expressly reserved Ford's right to appeal the order.

Ford argues that the District Court erred by finding that the franchisees are likely to succeed on the merits. In reality, Ford is attempting to appeal the partial summary judgment order that declared the surcharge program was a violation of New Jersey's warranty reimbursement statute. Where a preliminary injunction has been appealed under the collateral order doctrine we have, in some cases, exercised pendant jurisdiction to review an inextricably intertwined partial summary judgment order. *Kos Pharmaceuticals v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Citing *Kos Pharmaceuticals,* however, Ford takes it one step further by arguing that we *must* review the partial summary judgment in this case. Ford is mistaken that we are under any such requirement. 28 U.S.C. § 1291.

Ford's citation to *Kos Pharmaceuticals* glosses over a critical distinction between that case and this one. That case focused upon an alleged trademark infringement in which the plaintiff claimed non-monetary injury. *Kos Pharmaceutical*s, 369 F.3d at 708. In fact, non-monetary damages were at issue in the entire line of cases from our court leading up to *Kos Pharmaceuticals,* except where a statute specifically authorized a preliminary injunction under other criteria.[1] This is also true

---

[1.] *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240 (3d Cir. 1983) (District Court erred in finding that copyright infringement did not exist.); *Weiss v. York Hospital*, 745 F.2d 786 (3d Cir. 1984) (District Court erred in holding that, under Clayton Act, there was insufficient evidence of a "threat of injury."); *John F. Harkins Company, Inc. v.*
(continued...)

8

of decisions from Courts of Appeal in other circuits.[2]  We reaffirm that we have pendant jurisdiction to review underlying orders that are inextricably intertwined with a preliminary injunction, and that in such a review it may be necessary to consider whether the movant is likely to succeed on the merits. In this case, however, we do not need to reach the issue of whether the franchisees are likely to succeed on the merits, making the exercise of pendant jurisdiction unnecessary.

We have repeatedly insisted that "the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 487 (3d

---

[1](...continued)
*Waldinger Corporation*, 796 F.2d 657 (3d Cir. 1986) (District Court's denial of stay for arbitration reversed due to erroneous interpretation of contract's arbitration clause.); *Merchant & Evans, Inc. v. Roosevelt Building Products Company, Inc.,* 963 F.2d 628 (3d Cir. 1992), overruled on other grounds by *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763 (1992) (District Court erred in finding that plaintiff was likely to succeed in trademark infringement claim.); *American Telephone and Telegraph Company v. Winback and Conserve Program, Inc.,* 42 F.3d 1421 (3d Cir. 1994) (District Court erred in finding there was insufficient evidence of trademark confusion.).

[2]See e.g. *LaForest v. Former Clean Air Holding Co., Inc.*, 376 F.3d 48, 55 (2d Cir. 2004); *Delaware & H. Ry. Co. v. United Transp. Union,* 450 F.2d 603, 619 (D.C. Cir. 1971).

Cir. 2000). We have also stressed that "[b]efore granting a preliminary injunction, a district court *must* consider the extent to which the moving party will suffer irreparable harm without injunctive relief." (Emphasis added.) *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.*, 290 F.3d 578, 595 (3d Cir. 2002).

Here, the District Court made no finding of irreparable harm, stating only that all of the requirements for a preliminary injunction have been satisfied. We have long held that an injury measured in solely monetary terms cannot constitute irreparable harm. *Bennington Foods LLC v. St. Croix Renaissance, Group, LLP.,* 528 F.3d 176, 179 (3d Cir. 2008); *see also In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1137, 1145 (3d Cir.1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law."). We do not see in the record before us any evidence of a non-monetary injury and we conclude that the District Court was wrong when it stated that all of the requirements for a preliminary injunction have been met.

The reason that this preliminary injunction is before us is readily apparent. Strategically, the order appeared to provide an accelerated pathway for Ford to obtain review of the partial summary judgment, a non-final order. Yet, we have consistently stated that exceptions to the final judgment rule must be construed narrowly to ensure that the exceptions do not swallow the rule itself. *United States v. Wecht ,* 537 F.3d 222, 244 (3d Cir. 2008). This case demonstrates the reason for such caution. The final judgment rule exists to protect both the litigants and

10

the court from potential inconsistencies and inefficiencies arising from piecemeal litigation. *See Frederico v. Home Depot,* 507 F.3d 188, 192 (3d Cir. 2007). We strongly disfavor any attempt to willfully circumvent this rule, particularly where, as here, the record lacks any evidence that a preliminary injunction was needed to prevent irreparable harm. Accordingly, we conclude that the District Court erred by granting the preliminary injunction.

## III.

For the reasons set forth above, we will reverse the Order of the District Court granting a preliminary injunction in favor of the franchisees and remand the cause to the District Court.